UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID L. JOYCE,                    :    CASE NO. 03-CV-655 (PCD)

          Petitioner,             :

     v.                            :

THERESA C. LANTZ, COMMISSIONER:
OF CONNECTICUT DEPARTMENT OF
CORRECTIONS, AND HECTOR           :
RODRIGUEZ, WARDEN CHESHIRE
CORRECTIONAL INSTITUTION,         :

Respondents.                       :    OCTOBER 20, 2003

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Petitioner hereby objects to the Respondents' "Motion

to Dismiss" dated October 1, 2003, on the ground that the

proposed Second Amended Petition, which Petitioner has

moved for leave to file on this date, fully addresses the

concerns raised in the Respondents' Motion to

Dismiss, and that said Motion to Dismiss will therefore be

rendered moot by the filing of the proposed Second Amended

Petition.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

## I.    RELEVANT PROCEDURAL HISTORY

On or about October 1, 2003, the Respondents filed a Motion to Dismiss the Petitioner's First Amended Petition for Writ of Habeas Corpus on the ground that Count Three of said petition contained an unexhausted claim.  The Respondents' motion makes no claim that Counts One and Two were not properly preserved or exhausted.

In conjunction with the present objection, Petitioner has also filed a Motion for Leave to File a Second Amended Petition for Writ of Habeas Corpus" dated October 20, 2003 (see Exhibit "A").  The proposed Second Amended Petition deletes the Third Count in its entirety, while leaving Counts One and Two intact.  Further, counsel for the Respondents has indicated that there is no objection to the filing of the proposed Second Amended Petition.

## II.    ARGUMENT

*The proposed Second Amended Petition moots the Respondents' Motion to Dismiss.*

Based on the Respondents' agreement to the filing of the proposed Second Amended Petition, Petitioner objects to the Respondents' "Motion to Dismiss" dated October 1, 2003, on the ground that the filing of the Second Amended

Petition will render the motion to dismiss moot as a matter
of law.

The Second Circuit Court of Appeals has long
recognized that a so-called "mixed" petition containing
both exhausted and unexhausted claims should not be
dismissed in its entirety where a subsequent petition is
filed deleting reference to any unexhausted claims.  Grey
v. Hoke, 933 F.2d 117, 120-21 (2nd Cir. 1991); Zarvela v.
Artuz, 254 F.3d 378 (2nd Cir. 2001).

Accordingly, the Respondents' Motion to dismiss should
be denied as moot.

                    Respectfully submitted,

                    THE PETITIONER,
                    DAVID L. JOYCE

          BY: _Richard Grant_____
                    Richard L. Grant, Esq.
                    LIPPMAN & OUELLETTE, L.L.C.
                    142 Temple Street
                    New Haven, CT 06510
                    Tel. (203) 776-4546
                    Fax (203) 776-4435
                    Federal Court #CT20708

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was

served by regular first class mail on October 20, 2003 upon

all counsel and pro se parties of record, as follows:

Jo Anne Sulik
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. (860)258-5800

David L. Joyce, #92272
Cheshire C.I.
900 Highland Ave.
Cheshire, CT  06410

_____
Richard L. Grant

EXHIBIT "A"

WHEREFORE, Petitioner requests leave to amend his Petition in accordance herewith.

Respectfully submitted,

THE PETITIONER,
DAVID L. JOYCE

BY: _Richard Grant_____
Richard L. Grant, Esq.
LIPPMAN & OUELLETTE, L.L.C.
142 Temple Street
New Haven, CT 06510
Tel. (203)776-4546
Fax (203)776-4435
Federal Court #CT20708

## ORDER

The foregoing MOTION TO AMEND is hereby ORDERED: GRANTED/DENIED.

BY THE COURT (                    ).

2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by regular first class mail on October 20, 2003 upon all counsel and pro se parties of record, as follows:

Jo Anne Sulik
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. (860)258-5800

David L. Joyce, #92272
Cheshire C.I.
900 Highland Ave.
Cheshire, CT  06410

_____
Richard L. Grant

3

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID L. JOYCE,                    :     CASE NO:3:03-CV-655(PCD)

      Petitioner,              :

    v.                             :

THERESA C. LANTZ, COMMISSIONER:
OF CONNECTICUT DEPARTMENT OF
CORRECTIONS, AND HECTOR         :
RODRIGUEZ, WARDEN CHESHIRE
CORRECTIONAL INSTITUTION,       :

      Respondents.             :     OCTOBER 20, 2003

### SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, through undersigned counsel, hereby amends his pro se petition for a writ of habeas corpus by substituting the following claims of law and fact:

### JURISDICTION AND VENUE

1.   This court has jurisdiction over this matter pursuant to Title 28, United States Code §§ 2201-2243.

2.   Venue for this action in this judicial district is predicated upon Title 28, United States Code §§ 1391 and 2254.

### PARTIES

3.   The petitioner, David L. Joyce, #92272, is currently incarcerated by the Connecticut Department of Corrections at Cheshire Correctional Institution in the State of Connecticut.

4.    Respondent Theresa C. Lantz is the present and/or acting Commissioner of the Connecticut Department of Corrections.

5.    Respondent Hector Rodriguez is and/or was the warden of the Cheshire Correctional Institution.

## FACTUAL ALLEGATIONS:

6. The petitioner was the defendant in a criminal case entitled State of Connecticut v. David Joyce, No. CR-91-006203T in the Judicial District of Fairfield at Bridgeport.

7. By amended information the petitioner was charged with felony murder, in violation of Conn. Gen. Stat. § 53a-54a(a), attempted robbery in the first degree, in violation of Conn. Gen. Stat. § 53a-49 and 53a-134(a)(3), robbery in the first degree, in violation of 53a-134(a)(4), assault in the third degree, in violation of Conn. Gen. Stat. § 53a-61(a)(1), and criminal possession of a pistol or revolver, in violation of Conn. Gen. Stat. § 53a-217.  The foregoing charges were brought in connection with an alleged convenience store robbery that occurred on August 1, 1991 on Wood Avenue in Bridgeport, Connecticut.

8. The petitioner pleaded not guilty and elected trial by jury.

2

9. On March 3, 1993, petitioner was convicted after a jury trial of felony murder, attempted robbery in the first degree, robbery in the first degree, and criminal possession of a pistol or revolver.  He was acquitted of the charges of attempted murder and assault in the third degree.

10.  On June 3, 1993, petitioner was sentenced to a term of imprisonment of ninety (90) years.

11.  Petitioner has not deliberately by-passed direct appeal of any of the claims raised herein.  Petitioner appealed directly from the judgment of conviction to the Connecticut Appellate Court, #A.C. 15603.  The Appellate Court, while finding that the trial court had violated petitioner's Sixth Amendment right to confront state witnesses as to motive, bias or interest in testifying, affirmed the judgment on other grounds on June 10, 1997.

12.  Thereafter, petitioner filed a petition for a writ of certification to appeal from the Appellate Court to the Connecticut Supreme Court.  While the Connecticut Supreme Court initially granted certification to appeal on the issue of whether the petitioner's Sixth Amendment Right to Confrontation had been violated by the trial court, it later withdrew certification and affirmed the judgment on May 18, 1999.

3

13.  Petitioner is in the custody of the respondents
pursuant to the judgment described above.

14.  On September 14, 1995, while his direct appeal was
pending, petitioner also filed a pro se petition for a
state writ of habeas corpus in Connecticut Superior Court
in and for the judicial district of Danbury.

15.  Thereafter, on October 3, 1997, petitioner filed a
motion to stay the action for a state writ of habeas corpus
pending the outcome of his direct appeal.  Said motion was
granted by the court (Mihalakos, J.) on October 7, 1997.

16.  Thereafter, upon the resolution of his direct appeal
on May 18, 1999, petitioner filed in state court an amended
petition for writ of habeas corpus on July 17, 1999.

17.  The matter was ultimately tried to conclusion, and the
state court (Resha, J.) denied the petition on February 15,
2001.

18.  Thereafter, petitioner appealed the trial court's
denial of his petition to the Connecticut Appellate Court,
A.C. #21817, which affirmed the judgment of the trial court
on February 12, 2002.

19.  Thereafter, petitioner filed a petition for a writ of
certification to appeal from the Appellate Court's decision
to the Connecticut Supreme Court.  The petition was denied
by the Connecticut Supreme Court on April 19, 2002.

4

20.    Pursuant to 28 U.S.C. § 2254(b)(1)(A), petitioner has therefore exhausted all remedies available to him in the courts of the State of Connecticut, inasmuch as all claims raised in this amended petitioner were raised either on direct appeal or in state post-conviction proceedings and appeals therefrom.

21.    The petitioner has filed no prior federal petitions for a writ of habeas corpus on any of the grounds raised in the instant petition, and has no other petition, application, motion or appeal now pending in any court, state or federal, regarding the conviction presently under attack.

**FIRST COUNT (Conviction Obtained in Violation of Constitutional Right of Confrontation and in Violation of Fundamental Right to Present a Defense):**

18.   On February 15, 1990, approximately 18 months before the August 1, 1991 Wood Avenue incident that resulted in the conviction that is the subject of the instant petition, petitioner and a companion were detained on suspicion of purse snatching at the Bridgeport Train Station on Water Street by Bridgeport Police Officers, including (but not limited to) then Officer Joseph Procaccini.

19.    After protesting their innocence, petitioner and his companion were handcuffed and taken to the train station security office.

5

20.  After the victim of the purse snatching informed the investigating officers that Petitioner and his companion were not the perpetrators, petitioner and his companion demanded to be released immediately, whereupon Officer Procaccini assaulted petitioner's companion and struck petitioner, while handcuffed, several times in the face, resulting in injuries to his left eye.

21.  This incident was witnessed by other police officers who were present, including (but not limited to) Officer David Daniels, who truthfully reported the incident to his superior officers.  According to Officer Daniels' report of the incident, petitioner and his companion were handcuffed and "presented no threat" to the officers present.

22.  Due in large part to Officer Daniels' truthful reporting of the incident, Officer Procaccini ultimately resigned from the Bridgeport Police Department and later pleaded guilty to criminal violation of the petitioner's civil rights, for which he served time in federal prison in Pennsylvania.

23.  At trial of the underlying criminal Matter, Petitioner's criminal trial counsel sought to offer evidence regarding the prior 2/15/90 beating incident as evidence of motive, interest or bias on the part of the

6

Bridgeport Police Department in testifying against the defendant.

24.   Specifically, petitioner's trial counsel sought to cross-examine the state's leading police witness, Det. Sgt. Glen Prentice, as to motive, bias or interest in testifying that he or other members of the department may have had as a result of the prior beating incident.   The trial court disallowed the offer, ruling that it was "irrelevant and collateral."

25.   Petitioner's trial counsel also offered the testimony of Officer Daniels as to the retaliation Officer Daniels had suffered at the hands of other Bridgeport police officers as a result of his truthful reporting of the incident, including (but not limited to) a pattern of vicious harassment and death threats that had persisted over several years.   Said evidence was offered as extrinsic evidence of motive, bias or interest on the part of the Bridgeport Police Department as a result of the 2/15/90 train station incident.   The trial court again disallowed the offer, ruling that it was "collateral and irrelevant."

26.   On direct appeal, the petitioner raised the trial court's exclusion of evidence regarding the 2/15/90 incident to the Connecticut Appellate Court, which expressly found that the trial court violated the

7

petitioner's Sixth Amendment right to confront the witnesses against him with evidence of motive, bias or interest in testifying, but nonetheless upheld the conviction on other grounds on June 10, 1997 (A.C. #15603).

27.  Petitioner then sought certification to appeal the Appellate Court decision from the Connecticut Supreme Court, which initially granted certification on the issue of whether petitioner's confrontation rights had been violated, but later withdrew certification and upheld the judgment of conviction on May 18, 1999 (S.C. #15767).

28.  Based on the foregoing, petitioner now contends that his current confinement by the respondents is unlawful where his conviction was obtained in violation of his right to confrontation under the Sixth and Fourteenth Amendments to the U.S. Constitution, and Article First, Section 8 of the Connecticut Constitution.

29.  Inasmuch as petitioner's defense was based in large part on eliciting evidence of the motive, interest or bias that the Bridgeport Police Department had against him as a result of the 2/15/90 beating incident, petitioner also contends that the trial court's exclusion of this evidence deprived him of his fundamental right to present a defense under the Sixth and Fourteenth Amendments to the U.S.

8

Constitution, and Article First, Section 8 of the

Connecticut Constitution.

**SECOND COUNT (Conviction Obtained in Violation of**
**Constitutional Right to Effective Assistance of Counsel):**

30.  Also present in the security office of the Bridgeport

Train Station on 2/15/90 while the petitioner was being

beaten by Officer Procaccini was then Officer John Kennedy.

31.  In contrast to the report filed by Officer Daniels,

Officer Kennedy filed a report omitting any reference to

the fact that Officer Procaccini had assaulted or used

excessive force against the petitioner and his companion.

32.  Further, in a later sworn statement to the Internal

Affairs Bureau, Officer Kennedy again denied that Officer

Procaccini had wrongfully beaten the petitioner during the

course of the 2/15/90 incident, stating that the petitioner

"was not abused in any way."

33.  On May 22, 1990, Officer Kennedy was charged by

Internal Affairs with multiple violations of departmental

rules and regulations, including, but not necessarily

limited to:  (1) failure to transmit to a superior officer

accurate facts and circumstances regarding the 2/15/90

incident; (2) filing a false police report regarding the

2/15/90 incident; and (3) conduct unbecoming of a police

officer.

9

34.   Thereafter, Officer Kennedy was promoted to detective, and was directly and immediately involved in the investigation of the 8/1/91 Wood Avenue incident which resulted in the conviction of the petitioner that is presently under attack.

35.   Specifically, Detective Kennedy was among the first representatives of the Bridgeport Police Department to respond to the Wood Avenue convenience store incident on 8/1/91.  Further, he immediately interviewed witnesses and victims and presented them with photographs of the petitioner for purposes of identification.  The witnesses and victims interviewed and shown photographs of petitioner by Detective Kennedy later testified at trial and implicated petitioner.

36.   Detective Kennedy was also one of three Bridgeport police officers commanded by Det. Sgt. Glenn Prentice who later apprehended the petitioner in Hartford.

37.   Petitioner was represented at trial of the underlying criminal matter by special public defender Paul M. Tymniak.

38.   Attorney Tymniak failed to investigate, develop and/or offer evidence at trial regarding Detective Kennedy's involvement in the attempted cover-up of the 2/15/90 beating incident, and failed to investigate, develop and/or offer evidence at trial regarding Detective Kennedy's

10

direct and immediate involvement in the investigation of the 8/1/91 Wood Avenue incident, including (but not necessarily limited to) his interviews with the witnesses and victims who later testified at trial and implicated the petitioner.

39. Attorney Tymniak's acts and omissions, as described herein, fell below the standard of reasonable competence of attorneys of ordinary skill and training in the criminal law.

40. But for Attorney Tymniak's acts and omissions as described herein, it is reasonably probable that the result of the prosecution and/or subsequent appeals therefrom would have been different.

41. Petitioner's incarceration is illegal because his conviction was obtained in violation of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Section 8 of the Connecticut Constitution.

42. This claim was not raised on direct appeal of his conviction, as claims for ineffective assistance of counsel cannot be raised on direct appeal in the State of Connecticut.

11

43.    This claim was raised by petitioner in his state petition for a writ of habeas corpus, which was denied by the state court (Resha, J.) on 2/15/01.

44.    This claim was also raised by petitioner on appeal to the Connecticut Appellate Court of the denial of his petition for a writ of habeas corpus.  The Appellate Court affirmed the habeas court's judgment on February 12, 2002 (A.C. #21817).

45.    Thereafter, petitioner filed a petition for certification to appeal the Appellate Court decision to the Connecticut Supreme Court.  Said petition was denied on 4/19/02.

## PRAYER FOR RELIEF

WHEREFORE, the petitioner prays the Court to grant the following relief:

1.    That Petitioner be brought before the Court so that justice may be done;

2.    That the judgment of conviction and the sentence be vacated;

3.    That the case be remanded to the trial court for further proceedings, including a new trial; and

4.    Such other and further relief as the law and justice may require.

12

Respectfully submitted,

THE PETITIONER,
DAVID L. JOYCE

BY: _____

Richard L. Grant, Esq.
LIPPMAN & OUELLETTE, L.L.C.
142 Temple Street
New Haven, CT 06510
Tel. (203)776-4546
Fax (203)776-4435
Federal Court #CT20708

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing AMENDED

PETITION was served by regular first class mail on July 28,

2003 upon all counsel and pro se parties of record, as

follows:

Jo Anne Sulik
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT   06067
Tel. (860)258-5800

David L. Joyce, #92272
Cheshire C.I.
900 Highland Ave.
Cheshire, CT   06410

_____
Richard L. Grant

13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID L. JOYCE,                    :        CASE NO:3:03-CV-655(PCD)

        Petitioner,               :

    v.                            :

THERESA C. LANTZ, COMMISSIONER:
OF CONNECTICUT DEPARTMENT OF
CORRECTIONS, AND HECTOR           :
RODRIGUEZ, WARDEN CHESHIRE
CORRECTIONAL INSTITUTION,         :

        Respondents.              :        OCTOBER 20, 2003

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Local Rule 9(a), Petitioner hereby submits the following memorandum in support of the foregoing.

## I.    RELEVANT PROCEDURAL HISTORY

On or about October 1, 2003, the Respondents filed a Motion to Dismiss the Petitioner's First Amended Petition for Writ of Habeas Corpus on the ground that Count Three of said petition contained an unexhausted claim.  The Respondents' motion makes no claim that Counts One and Two were not properly preserved or exhausted.

## II.   ARGUMENT

*The motion for leave to amend should be granted where the Respondents do not object to the filing of the proposed Second Amended Petition.*

Petitioner now moves for leave to file a second amended petition deleting Count Three, and leaving Counts One and Two intact.

28 U.S.C. § 2242 expressly provides that pleadings in habeas corpus matters "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."   Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of the Court after twenty days have expired from the service of the original pleading, and that such "leave shall be freely given when justice so requires."

In the present case, justice favors allowing the proposed amendment where the Respondents have stated that they have no objection to its filing, and where dismissal of the entire three-count petition based on the presence of a single allegedly unexhausted count would unfairly deprive the Petitioner of his right to have his other preserved and exhausted claims heard.

Aside from the deletion of the Third Count, the proposed Second Amended Petition is identical in all other respects to the First Amended Petition.   As previously

2

noted, Counsel for the Respondents has indicated that there is no objection to the filing of the proposed Second Amended Petition, but has also indicated that Respondents reserve all other rights with regard to the Second Amended Petition.

Accordingly, the motion for leave to amend should be granted.

Respectfully submitted,

THE PETITIONER,
DAVID L. JOYCE

BY: _Richard Cot_

Richard L. Grant, Esq.
LIPPMAN & OUELLETTE, L.L.C.
142 Temple Street
New Haven, CT 06510
Tel. (203)776-4546
Fax (203)776-4435
Federal Court #CT20708

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by regular first class mail on October 20, 2003 upon all counsel and pro se parties of record, as follows:

Jo Anne Sulik
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. (860)258-5800

David L. Joyce, #92272
Cheshire C.I.
900 Highland Ave.
Cheshire, CT  06410

_____
Richard L. Grant

4