UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID L. JOYCE, | : | CASE NO:3:03-CV-655(PCD) |
| Petitioner, | : | |
| v. | : | |
| THERESA C. LANTZ, COMMISSIONER OF CONNECTICUT DEPARTMENT OF CORRECTIONS, AND HECTOR RODRIGUEZ, WARDEN CHESHIRE CORRECTIONAL INSTITUTION, | : | |
| Respondents. | : | OCTOBER 20, 2003 |

### SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, through undersigned counsel, hereby amends his pro se petition for a writ of habeas corpus by substituting the following claims of law and fact:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to Title 28, United States Code §§ 2201-2243.

2. Venue for this action in this judicial district is predicated upon Title 28, United States Code §§ 1391 and 2254.

### PARTIES

3. The petitioner, David L. Joyce, #92272, is currently incarcerated by the Connecticut Department of Corrections at Cheshire Correctional Institution in the State of Connecticut.

4.  Respondent Theresa C. Lantz is the present and/or acting Commissioner of the Connecticut Department of Corrections.

5.  Respondent Hector Rodriguez is and/or was the warden of the Cheshire Correctional Institution.

**FACTUAL ALLEGATIONS:**

6. The petitioner was the defendant in a criminal case entitled <u>State of Connecticut v. David Joyce</u>, No. CR-91-006203T in the Judicial District of Fairfield at Bridgeport.

7. By amended information the petitioner was charged with felony murder, in violation of Conn. Gen. Stat. § 53a-54a(a), attempted robbery in the first degree, in violation of Conn. Gen. Stat. § 53a-49 and 53a-134(a)(3), robbery in the first degree, in violation of 53a-134(a)(4), assault in the third degree, in violation of Conn. Gen. Stat. § 53a-61(a)(1), and criminal possession of a pistol or revolver, in violation of Conn. Gen. Stat. § 53a-217.  The foregoing charges were brought in connection with an alleged convenience store robbery that occurred on August 1, 1991 on Wood Avenue in Bridgeport, Connecticut.

8. The petitioner pleaded not guilty and elected trial by jury.

9. On March 3, 1993, petitioner was convicted after a jury trial of felony murder, attempted robbery in the first degree, robbery in the first degree, and criminal possession of a pistol or revolver. He was acquitted of the charges of attempted murder and assault in the third degree.

10. On June 3, 1993, petitioner was sentenced to a term of imprisonment of ninety (90) years.

11. Petitioner has not deliberately by-passed direct appeal of any of the claims raised herein. Petitioner appealed directly from the judgment of conviction to the Connecticut Appellate Court, #A.C. 15603. The Appellate Court, while finding that the trial court had violated petitioner's Sixth Amendment right to confront state witnesses as to motive, bias or interest in testifying, affirmed the judgment on other grounds on June 10, 1997.

12. Thereafter, petitioner filed a petition for a writ of certification to appeal from the Appellate Court to the Connecticut Supreme Court. While the Connecticut Supreme Court initially granted certification to appeal on the issue of whether the petitioner's Sixth Amendment Right to Confrontation had been violated by the trial court, it later withdrew certification and affirmed the judgment on May 18, 1999.

13. Petitioner is in the custody of the respondents pursuant to the judgment described above.

14. On September 14, 1995, while his direct appeal was pending, petitioner also filed a pro se petition for a state writ of habeas corpus in Connecticut Superior Court in and for the judicial district of Danbury.

15. Thereafter, on October 3, 1997, petitioner filed a motion to stay the action for a state writ of habeas corpus pending the outcome of his direct appeal. Said motion was granted by the court (Mihalakos, J.) on October 7, 1997.

16. Thereafter, upon the resolution of his direct appeal on May 18, 1999, petitioner filed in state court an amended petition for writ of habeas corpus on July 17, 1999.

17. The matter was ultimately tried to conclusion, and the state court (Resha, J.) denied the petition on February 15, 2001.

18. Thereafter, petitioner appealed the trial court's denial of his petition to the Connecticut Appellate Court, A.C. #21817, which affirmed the judgment of the trial court on February 12, 2002.

19. Thereafter, petitioner filed a petition for a writ of certification to appeal from the Appellate Court's decision to the Connecticut Supreme Court. The petition was denied by the Connecticut Supreme Court on April 19, 2002.

20. Pursuant to 28 U.S.C. § 2254(b)(1)(A), petitioner has therefore exhausted all remedies available to him in the courts of the State of Connecticut, inasmuch as all claims raised in this amended petitioner were raised either on direct appeal or in state post-conviction proceedings and appeals therefrom.

21. The petitioner has filed no prior federal petitions for a writ of habeas corpus on any of the grounds raised in the instant petition, and has no other petition, application, motion or appeal now pending in any court, state or federal, regarding the conviction presently under attack.

**FIRST COUNT (Conviction Obtained in Violation of Constitutional Right of Confrontation and in Violation of Fundamental Right to Present a Defense):**

18. On February 15, 1990, approximately 18 months before the August 1, 1991 Wood Avenue incident that resulted in the conviction that is the subject of the instant petition, petitioner and a companion were detained on suspicion of purse snatching at the Bridgeport Train Station on Water Street by Bridgeport Police Officers, including (but not limited to) then Officer Joseph Procaccini.

19. After protesting their innocence, petitioner and his companion were handcuffed and taken to the train station security office.

20. After the victim of the purse snatching informed the investigating officers that Petitioner and his companion were not the perpetrators, petitioner and his companion demanded to be released immediately, whereupon Officer Procaccini assaulted petitioner's companion and struck petitioner, while handcuffed, several times in the face, resulting in injuries to his left eye.

21. This incident was witnessed by other police officers who were present, including (but not limited to) Officer David Daniels, who truthfully reported the incident to his superior officers. According to Officer Daniels' report of the incident, petitioner and his companion were handcuffed and "presented no threat" to the officers present.

22. Due in large part to Officer Daniels' truthful reporting of the incident, Officer Procaccini ultimately resigned from the Bridgeport Police Department and later pleaded guilty to criminal violation of the petitioner's civil rights, for which he served time in federal prison in Pennsylvania.

23. At trial of the underlying criminal Matter, Petitioner's criminal trial counsel sought to offer evidence regarding the prior 2/15/90 beating incident as evidence of motive, interest or bias on the part of the

Bridgeport Police Department in testifying against the defendant.

24. Specifically, petitioner's trial counsel sought to cross-examine the state's leading police witness, Det. Sgt. Glen Prentice, as to motive, bias or interest in testifying that he or other members of the department may have had as a result of the prior beating incident. The trial court disallowed the offer, ruling that it was "irrelevant and collateral."

25. Petitioner's trial counsel also offered the testimony of Officer Daniels as to the retaliation Officer Daniels had suffered at the hands of other Bridgeport police officers as a result of his truthful reporting of the incident, including (but not limited to) a pattern of vicious harassment and death threats that had persisted over several years. Said evidence was offered as extrinsic evidence of motive, bias or interest on the part of the Bridgeport Police Department as a result of the 2/15/90 train station incident. The trial court again disallowed the offer, ruling that it was "collateral and irrelevant."

26. On direct appeal, the petitioner raised the trial court's exclusion of evidence regarding the 2/15/90 incident to the Connecticut Appellate Court, which expressly found that the trial court violated the

petitioner's Sixth Amendment right to confront the witnesses against him with evidence of motive, bias or interest in testifying, but nonetheless upheld the conviction on other grounds on June 10, 1997 (A.C. #15603).

27. Petitioner then sought certification to appeal the Appellate Court decision from the Connecticut Supreme Court, which initially granted certification on the issue of whether petitioner's confrontation rights had been violated, but later withdrew certification and upheld the judgment of conviction on May 18, 1999 (S.C. #15767).

28. Based on the foregoing, petitioner now contends that his current confinement by the respondents is unlawful where his conviction was obtained in violation of his right to confrontation under the Sixth and Fourteenth Amendments to the U.S. Constitution, and Article First, Section 8 of the Connecticut Constitution.

29. Inasmuch as petitioner's defense was based in large part on eliciting evidence of the motive, interest or bias that the Bridgeport Police Department had against him as a result of the 2/15/90 beating incident, petitioner also contends that the trial court's exclusion of this evidence deprived him of his fundamental right to present a defense under the Sixth and Fourteenth Amendments to the U.S.

Constitution, and Article First, Section 8 of the Connecticut Constitution.

**SECOND COUNT (Conviction Obtained in Violation of Constitutional Right to Effective Assistance of Counsel):**

30. Also present in the security office of the Bridgeport Train Station on 2/15/90 while the petitioner was being beaten by Officer Procaccini was then Officer John Kennedy.

31. In contrast to the report filed by Officer Daniels, Officer Kennedy filed a report omitting any reference to the fact that Officer Procaccini had assaulted or used excessive force against the petitioner and his companion.

32. Further, in a later sworn statement to the Internal Affairs Bureau, Officer Kennedy again denied that Officer Procaccini had wrongfully beaten the petitioner during the course of the 2/15/90 incident, stating that the petitioner "was not abused in any way."

33. On May 22, 1990, Officer Kennedy was charged by Internal Affairs with multiple violations of departmental rules and regulations, including, but not necessarily limited to: (1) failure to transmit to a superior officer accurate facts and circumstances regarding the 2/15/90 incident; (2) filing a false police report regarding the 2/15/90 incident; and (3) conduct unbecoming of a police officer.

34. Thereafter, Officer Kennedy was promoted to detective, and was directly and immediately involved in the investigation of the 8/1/91 Wood Avenue incident which resulted in the conviction of the petitioner that is presently under attack.

35. Specifically, Detective Kennedy was among the first representatives of the Bridgeport Police Department to respond to the Wood Avenue convenience store incident on 8/1/91. Further, he immediately interviewed witnesses and victims and presented them with photographs of the petitioner for purposes of identification. The witnesses and victims interviewed and shown photographs of petitioner by Detective Kennedy later testified at trial and implicated petitioner.

36. Detective Kennedy was also one of three Bridgeport police officers commanded by Det. Sgt. Glenn Prentice who later apprehended the petitioner in Hartford.

37. Petitioner was represented at trial of the underlying criminal matter by special public defender Paul M. Tymniak.

38. Attorney Tymniak failed to investigate, develop and/or offer evidence at trial regarding Detective Kennedy's involvement in the attempted cover-up of the 2/15/90 beating incident, and failed to investigate, develop and/or offer evidence at trial regarding Detective Kennedy's

direct and immediate involvement in the investigation of the 8/1/91 Wood Avenue incident, including (but not necessarily limited to) his interviews with the witnesses and victims who later testified at trial and implicated the petitioner.

39. Attorney Tymniak's acts and omissions, as described herein, fell below the standard of reasonable competence of attorneys of ordinary skill and training in the criminal law.

40. But for Attorney Tymniak's acts and omissions as described herein, it is reasonably probable that the result of the prosecution and/or subsequent appeals therefrom would have been different.

41. Petitioner's incarceration is illegal because his conviction was obtained in violation of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Section 8 of the Connecticut Constitution.

42. This claim was not raised on direct appeal of his conviction, as claims for ineffective assistance of counsel cannot be raised on direct appeal in the State of Connecticut.

43. This claim was raised by petitioner in his state petition for a writ of habeas corpus, which was denied by the state court (Resha, J.) on 2/15/01.

44. This claim was also raised by petitioner on appeal to the Connecticut Appellate Court of the denial of his petition for a writ of habeas corpus. The Appellate Court affirmed the habeas court's judgment on February 12, 2002 (A.C. #21817).

45. Thereafter, petitioner filed a petition for certification to appeal the Appellate Court decision to the Connecticut Supreme Court. Said petition was denied on 4/19/02.

**PRAYER FOR RELIEF**

WHEREFORE, the petitioner prays the Court to grant the following relief:

1. That Petitioner be brought before the Court so that justice may be done;

2. That the judgment of conviction and the sentence be vacated;

3. That the case be remanded to the trial court for further proceedings, including a new trial; and

4. Such other and further relief as the law and justice may require.

…

…

Respectfully submitted,

THE PETITIONER,
DAVID L. JOYCE

BY: _____
Richard L. Grant, Esq.
LIPPMAN & OUELLETTE, L.L.C.
142 Temple Street
New Haven, CT 06510
Tel. (203)776-4546
Fax (203)776-4435
Federal Court #CT20708

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing AMENDED PETITION was served by regular first class mail on July 28, 2003 upon all counsel and pro se parties of record, as follows:

Jo Anne Sulik
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT  06067
Tel. (860)258-5800

David L. Joyce, #92272
Cheshire C.I.
900 Highland Ave.
Cheshire, CT  06410

_____
Richard L. Grant

13