UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID JOYCE,                          :        CASE NO. 3:03CV655(PCD)
          Petitioner                  :
                                      :
V.                                    :
                                      :
                                      :
THERESA LANTZ,                        :        APRIL 12, 2004
HECTOR RODRIGUEZ,                     :
          Respondents                 :

OBJECTION TO PETITIONER'S MOTION
FOR DEFAULT FOR FAILURE TO PLEAD

Pursuant to Rules 3(b) and 4 of the Rules Governing Section 2254 cases in the

United States District Courts, the respondent now objects to the petitioner's "Motion for

Default for Failure to Plead" dated April 5, 2004 [Doc. # 26].  In this habeas corpus

proceeding, the petitioner does not seek monetary damages.  Rather, he prays that his

1993 state court conviction and sentencing for the crimes of felony murder, attempt to

commit robbery in the first degree, robbery in the first degree, and criminal possession of

a pistol or revolver be vacated.  Because the Court has not issued a show cause order

directing the respondent to answer the petitioner's Second Amended Petition, the

respondent is not in default and the petitioner's motion must be denied.

I.      **PROCEDURAL HISTORY**[1]

_____

[1]     This procedural history is compiled from documents appended to the
respondent's Motion to Dismiss dated October 1, 2003, as follows:

Appendix A    Decision of the Connecticut Appellate Court in the petitioner's
              direct appeal; State v. Joyce, 45 Conn. App. 390, 696 A.2d
              993 (1997)

Appendix B    Record on direct appeal to the Connecticut Appellate Court

On March 3, 1993, the petitioner was convicted after a jury trial of felony murder, attempt to commit robbery in the first degree, robbery in the first degree, degree and criminal possession of a pistol or revolver. Appendix B at 3. On June 3, 1993, the

---

Appendix C    Petitioner's brief on direct appeal to the Connecticut Appellate Court

Appendix D    State's brief on direct appeal to the Connecticut Appellate Court

Appendix E    Petitioner's reply brief on direct appeal to the Connecticut Appellate Court

Appendix F    Petitioner's petition for certification to the Connecticut Supreme Court

Appendix G    Connecticut Supreme Court's decision determining that certification was improvidently granted; State v. Joyce, 248 Conn. 669, 728 A.2d 1096 (1999)

Appendix H    Decision of the Connecticut Appellate Court in the state habeas corpus matter of Joyce v. Commissioner of Correction, 68 Conn. App. 903, 792 A.2d 912 (2002)

Appendix I    Record on habeas appeal to the Connecticut Appellate Court

Appendix J    Petitioner's brief on habeas appeal to the Connecticut Appellate Court

Appendix K    Respondent's brief on habeas appeal to the Connecticut Appellate Court

Appendix L    Petitioner's reply brief on habeas appeal to the Connecticut Appellate Court

Appendix M    Petition for certification to the Connecticut Supreme Court

Appendix N    Connecticut Supreme Court's denial of certification, Joyce v. Commissioner of Correction, 260 Conn. 918, 797 A.2d 514 (2002)

petitioner was sentenced by the court to the custody of the commissioner of correction to serve a term of ninety years. Appendix B at 3. The conviction was upheld on appeal, State v. Joyce, 45 Conn. App. 390, 696 A.2d 993 (1997). Although the Connecticut Supreme Court initially granted certification for the petitioner to appeal the decision of the Appellate Court, it later decided that "[a]fter examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was granted improvidently." State v. Joyce, 248 Conn. 669, 728 A.2d 1096 (1999).

Meanwhile, on September 21, 1996, the petitioner filed a petition for writ of habeas corpus in state court. David L. Joyce v. Warden, State Prison, Docket No. CV96-0324265, Superior Court in the judicial district of Danbury. Appendix I at 1-2. After a hearing on the merits of the petitioner's claims, the state habeas court, Resha, J., dismissed the petition on February 15, 2001. Appendix I at 46-65.

The petitioner appealed to the Connecticut Appellate Court. That court affirmed the judgment of the state habeas court. Joyce v. Commissioner of Correction, 68 Conn. App. 903, 792 A.2d 912 (2002) (per curiam). The petitioner then sought certification from the Connecticut Supreme Court to appeal the decision of the Appellate Court. Certification was denied on April 19, 2002. Joyce v. Commissioner of Correction, 260 Conn. 918, 797 A.2d 514 (2002).

The petitioner filed the instant petition for writ of habeas corpus on April 10, 2003. In May 2003, the Court issued an order directing the respondent to file a response "showing cause why the relief prayed for in the petition should not be granted. . . ."

3

[Doc. # 4]. Subsequently, counsel was appointed and the show cause order was modified so that the petitioner could file an amended petition. [Doc. # 11]. An amended petition was filed on July 30, 2003. By motion dated October 1, 2003 [Doc. # 16], the respondent moved to dismiss the amended petition on the ground that not all of the claims set forth in the amended petition had been exhausted in the state courts of Connecticut. The petitioner again moved to amend his petition--this time to remove the unexhausted claim. That motion was granted and the petitioner's Second Amended Petition was filed [Doc. # 22].

## II.    ARGUMENT

The petitioner brings his motion for default pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, however, provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Here, Rules 3(b) and 4 of the Rules Governing Section 2254 cases control. Under those rules, the respondent is not required to file an answer to a petition until the Court orders that it do so. Here, the Court has not issued an order directing the respondent to respond to the Second Amended Petition [Doc. # 22] and the petitioner has not moved for a scheduling order. As a result, the respondent is not in default.

## III.    CONCLUSION

For the reasons set forth above, the respondent objects to the petitioner's motion for default and prays that the Court deny that motion.

4

Respectfully submitted,

RESPONDENT--THERESA LANTZ, ET AL.

By: _____

JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

## CERTIFICATION

I hereby certify that a copy of this objection was mailed to Attorney Richard L. Grant, 36 Tamarack Avenue, PMB # 213, Danbury, Connecticut 06811, (203) 778-8075, on April 12, 2004.

_____

JO ANNE SULIK
Assistant State's Attorney

5