UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID JOYCE, | : | CASE NO. 3:03CV655(PCD)(JGM) |
| *Petitioner* | : | |
| | : | |
| V. | : | |
| | : | |
| THERESA LANTZ, ET AL., | : | SEPTEMBER 9, 2004 |
| *Respondents* | : | |

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, the respondent now answers the claims raised in the petitioner's Amended Petition for Writ of Habeas Corpus dated October 20, 2003 [Doc. # 22].

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

**FIRST COUNT (Claim That Conviction Obtained In Violation Of Constitutional Right Of Confrontation And In Violation Of Fundamental Right To Present Defense):**

18. Admitted.

19. Admitted.

20. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 20 of Count One. Therefore, the respondent leaves the petitioner to his proof.

21. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 21 of Count One. Therefore, the respondent leaves the petitioner to his proof.

22. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 22 of Count One. Therefore, the respondent leaves the petitioner to his proof.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. The respondent denies that the petitioner's confinement is unlawful. In denying this claim, the respondent relies on the transcripts of the criminal proceedings, the transcripts of the state habeas proceedings, and the decisions of Connecticut's courts. See Appendices A, D, G, H, I, K, and N to this Answer.

29. The respondent denies that the petitioner's confinement is unlawful. In denying this claim, the respondent relies on the transcripts of the criminal proceedings, the transcripts of the state habeas proceedings, and the decisions of Connecticut's courts. See Appendices A, D, G, H, I, K, and N to this Answer.

SECOND COUNT (Claim That Conviction Obtained In Violation Of Constitutional Right To Effective Assistance Of Counsel):

30. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 30 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

31. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 31 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

32. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 32 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

33. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 33 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

34. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 34 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

35. Admitted.

36. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 36 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

37. Admitted.

38. At this time, the respondent is without sufficient information to admit or deny the factual allegations contained in Paragraph 38 of Count Two. Therefore, the respondent leaves the petitioner to his proof.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted.

44.  Admitted.

45.  Admitted.

**EXHAUSTION / PROCEDURAL DEFAULT**

46.  The petitioner appears to have exhausted both of his claims by presenting them to the Connecticut Appellate Court on appeal and to the Connecticut Supreme Court in a petition for certification to appeal the decision of the Connecticut Appellate Court. To the extent that the petitioner's claims in this federal habeas corpus proceeding differ in any way from the claims as they were pursued in the state courts, the petitioner's failure to present his claims fairly to state courts renders federal habeas corpus relief unwarranted due to the petitioner's procedural default and/or lack of exhaustion.

**OTHER PENDING PETITIONS**

47.  The respondent is not aware of any other pending challenges to the judgment of conviction under attack in the instant federal habeas corpus proceeding.

**APPENDICES TO THIS ANSWER**

48.  Copies of the following documents were forwarded to the court as appendices to the respondent's motion to dismiss [Doc. #16] dated October 1, 2003, and are hereby incorporated by reference as Appendices A through N to this Answer.

| | |
|---|---|
| Appendix A | Connecticut Appellate Court's decision, <u>State v. Joyce</u>, 45 Conn. App. 390, 696 A.2d 993 (1997) |
| Appendix B | Record in petitioner's direct appeal to the Connecticut Appellate Court |
| Appendix C | Petitioner's brief on direct appeal to the Connecticut Appellate Court |

| | |
|---|---|
| Appendix D | State's brief on direct appeal to the Connecticut Appellate Court |
| Appendix E | Petitioner's reply brief on direct appeal to the Connecticut Appellate Court |
| Appendix F | Petitioner's petition for certification to the Connecticut Supreme Court |
| Appendix G | Connecticut Supreme Court's decision determining that certification was improvidently granted; <u>State v. Joyce</u>, 248 Conn. 699, 728 A.2d 1096 (1999) |
| Appendix H | Decision of the Connecticut Appellate Court in the state habeas corpus matter of <u>Joyce v. Commissioner of Correction</u>, 68 Conn. App. 903, 792 A.2d 912 (2002) |
| Appendix I | Record on habeas appeal to the Connecticut Appellate Court |
| Appendix J | Petitioner's brief on habeas appeal to the Connecticut Appellate Court |
| Appendix K | Respondent's brief on habeas appeal to the Connecticut Appellate Court |
| Appendix L | Petitioner's reply brief on habeas appeal to the Connecticut Appellate Court |
| Appendix M | Petition for certification to the Connecticut Supreme Court |
| Appendix N | Decision of the Supreme Court of Connecticut; <u>Joyce v. Commissioner of Correction</u>, 260 Conn. 918, 797 A.2d 514 (2002) |

**TRANSCRIPTS**

49.	The proceedings of the petitioner's 1993 criminal trial have been transcribed and in the respondent's possession.  They will be filed with this Court should the Court request to review them.  The proceedings of the petitioner's 2000 state habeas trial have

been transcribed and in the respondent's possession. They will be filed with this Court should the Court request to review them.

**CONCLUSION**

50.    The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, his petition for writ of habeas corpus must be dismissed.

Respectfully submitted,

RESPONDENT--THERESA LANTZ, ET AL.

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

_____
MICHELLE NEARY
Law Student Intern
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)

## **CERTIFICATION**

I hereby certify that a copy of this answer was mailed to Attorney Richard L. Grant, 36 Tamarack Avenue, PMB # 213, Danbury, Connecticut 06811, (203) 778-8075, on September 9, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney