**MANDATE**

06-2812-pr
Joyce v. Lantz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

1    At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Daniel Patrick Moynihan
3    United States Courthouse, 500 Pearl Street, in the City of
4    New York, on the 27th day of April, two thousand seven.
5
6
7    PRESENT: HON. DENNIS JACOBS,
8                           Chief Judge,
9             HON. AMALYA L. KEARSE,
10            HON. ROSEMARY S. POOLER,
11                           Circuit Judges.
12
13   - - - - - - - - - - - - - - - - - - - -X
14   DAVID L. JOYCE,
15
16            Petitioner-Appellant,
17
18            -v.-                                              06-2812-pr
19
20   THERESA C. LANTZ,
21
22            Respondent-Appellee.
23   - - - - - - - - - - - - - - - - - - - -X
24
25   FOR PETITIONER-APPELLANT:    RICHARD L. GRANT, Danbury, CT.
26

*FILED APR 27 2007 — Thomas Asreen, Acting Clerk, UNITED STATES COURT OF APPEALS SECOND CIRCUIT*

Issued as Mandate: JUN 25 2007

| | | |
|---|---|---|
| **FOR RESPONDENT-APPELLEE:** | | JO ANNE SULIK, Senior Assistant State's Attorney, Office of the Chief State's Attorney, Rocky Hill, CT. |

**UPON DUE CONSIDERATION** of this appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner David L. Joyce appeals from the May 17, 2006 judgment of the United States District Court for the District of Connecticut (Dorsey, J.), denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

[1] Regarding petitioner's claim that he was "deprived of his fundamental rights to confront witnesses and to present a defense," the sole question is: whether the Connecticut Appellate Court's holding--"that the trial court's limitation of [Detective Sergeant] Prentice's impeachment for bias was harmless beyond a reasonable doubt," State v. Joyce, 696 A.2d 993, 999 (Conn. App. Ct. 1997)--constitutes an "unreasonable application . . . of clearly established federal law." 28 U.S.C. § 2254(d)(1).

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Williams v. Taylor, 529 U.S. 362, 410-11 (2000).

In its harmless-error analysis, the Connecticut Appellate Court considered the factors deemed pertinent by State v. Colton, 630 A.2d 577 (Conn. 1993), which track, verbatim, those identified by the Supreme Court in Delaware

2

v. Van Arsdall: "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." 475 U.S. 673, 684 (1986); Joyce, 696 A.2d at 999; Colton, 630 A.2d at 590.

Most importantly, the Appellate Court noted that "[o]verall, the state had a strong case against the defendant." Joyce, 696 A.2d at 999. This is demonstrably correct: (i) three witnesses inside the market made in-court identifications of petitioner; (ii) one of the three witnesses also testified that the petitioner had been shot in the head during the robbery; (iii) another witness identified the petitioner as the individual with "blood coming off his forehead" who robbed her at gunpoint of her purse and stole her car outside the market; (iv) the car and purse were discovered in Hartford near the apartment in which petitioner was also found; and (v) when found by the Hartford Police, petitioner had a gunshot wound to his head. The Connecticut Appellate Court compared Prentice's testimony against this evidence, and found that "Prentice's testimony was . . . cumulative and corroborative." Id. In these circumstances, we agree with the district court that "the evidence against [p]etitioner was overwhelming," and that the Connecticut Appellate Court's finding "was, at the very least, a reasonable application of the harmless-error factors." Joyce v. Lantz, No. 3:03 Civ. 655 (PCD), 2006 WL 1455598, at *5 (D.Conn. May 16, 2006).

[2] We affirm the denial of petitioner's claim that he received ineffective assistance of counsel for substantially the reasons set forth by the district court. See Joyce, 2006 WL 1455598, at *6-*9.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
THOMAS ASREEN, ACTING CLERK
By:

*Lucille Carr*
Lucille Carr, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by: *E. Lorenzo Martin*
Deputy Clerk

06-2812-pr
Joyce v. Lantz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

1   At a stated term of the United States Court of Appeals
2   for the Second Circuit, held at the Daniel Patrick Moynihan
3   United States Courthouse, 500 Pearl Street, in the City of
4   New York, on the 27th day of April, two thousand seven.
5
6
7   PRESENT: HON. DENNIS JACOBS,
8                       *Chief Judge*,
9            HON. AMALYA L. KEARSE,
10           HON. ROSEMARY S. POOLER,
11                      *Circuit Judges*.
12
13   - - - - - - - - - - - - - - - - - -X
14   DAVID L. JOYCE,
15
16           Petitioner-Appellant,
17
18           -v.-
19
20   THERESA C. LANTZ,
21
22           Respondent-Appellee.
23   - - - - - - - - - - - - - - - - - -X
24
25   FOR PETITIONER-APPELLANT:    RICHARD L. GRANT, Danbury, CT.
26

[FILED APR 27 2007, Thomas Asreen, Acting Clerk, United States Court of Appeals Second Circuit]

THE MANDATE, CONSISTING OF ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
(✓) ORDER

RECEIVED BY:_____ DATE_____
06-2812-pr

| | |
|---|---|
| **FOR RESPONDENT-APPELLEE:** | JO ANNE SULIK, Senior Assistant State's Attorney, Office of the Chief State's Attorney, Rocky Hill, CT. |

**UPON DUE CONSIDERATION** of this appeal from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner David L. Joyce appeals from the May 17, 2006 judgment of the United States District Court for the District of Connecticut (Dorsey, J.), denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

[1] Regarding petitioner's claim that he was "deprived of his fundamental rights to confront witnesses and to present a defense," the sole question is: whether the Connecticut Appellate Court's holding--"that the trial court's limitation of [Detective Sergeant] Prentice's impeachment for bias was harmless beyond a reasonable doubt," State v. Joyce, 696 A.2d 993, 999 (Conn. App. Ct. 1997)--constitutes an "unreasonable application . . . of clearly established federal law." 28 U.S.C. § 2254(d)(1).

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Williams v. Taylor, 529 U.S. 362, 410-11 (2000).

In its harmless-error analysis, the Connecticut Appellate Court considered the factors deemed pertinent by State v. Colton, 630 A.2d 577 (Conn. 1993), which track, verbatim, those identified by the Supreme Court in Delaware

2

v. Van Arsdall: "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case."  475 U.S. 673, 684 (1986); Joyce, 696 A.2d at 999; Colton, 630 A.2d at 590.

Most importantly, the Appellate Court noted that "[o]verall, the state had a strong case against the defendant." Joyce, 696 A.2d at 999. This is demonstrably correct: (i) three witnesses inside the market made in-court identifications of petitioner; (ii) one of the three witnesses also testified that the petitioner had been shot in the head during the robbery; (iii) another witness identified the petitioner as the individual with "blood coming off his forehead" who robbed her at gunpoint of her purse and stole her car outside the market; (iv) the car and purse were discovered in Hartford near the apartment in which petitioner was also found; and (v) when found by the Hartford Police, petitioner had a gunshot wound to his head. The Connecticut Appellate Court compared Prentice's testimony against this evidence, and found that "Prentice's testimony was . . . cumulative and corroborative." Id. In these circumstances, we agree with the district court that "the evidence against [p]etitioner was overwhelming," and that the Connecticut Appellate Court's finding "was, at the very least, a reasonable application of the harmless-error factors." Joyce v. Lantz, No. 3:03 Civ. 655 (PCD), 2006 WL 1455598, at *5 (D.Conn. May 16, 2006).

[2] We affirm the denial of petitioner's claim that he received ineffective assistance of counsel for substantially the reasons set forth by the district court. See Joyce, 2006 WL 1455598, at *6-*9.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
THOMAS ASREEN, ACTING CLERK
By:

*Lucille Carr*
Lucille Carr, Deputy Clerk

3